**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **JOSEPH IOVINELLI, on behalf of himself and all others similarly situated,**<br><br>                    **Plaintiff,**<br>v.<br><br>**MATLET GROUP, LLC and PACKAGING GRAPHICS, LLC,**<br><br>                    **Defendants.** | **CLASS ACTION COMPLAINT**<br><br>**Case No.** |

Plaintiff Joseph Iovinelli ("Plaintiff") alleges on his own behalf and on behalf of a class of other similarly situated as follows:

## NATURE OF THE ACTION

1.   Plaintiff brings this action on behalf of himself, and the other similarly situated former employees who worked for Matlet Group, LLC and Packaging Graphics, LLC ("Defendants") and who were terminated without cause, as part of, or as the result of, mass layoffs or plant closings ordered by Defendants on or about October 9, 2018 and within thirty (30) days of that date, who were not provided 60 days advance written notice of their terminations by Defendants, as required by the Worker Adjustment and Retraining Notification Act (the "WARN Act"), 29 U.S.C. § 2101 *et seq*.

2.   Plaintiff and all similarly situated employees seek to recover up to 60 days wages benefits, pursuant to 29 U.S.C. § 2104, from Defendants.  Defendants are liable under the WARN Act for failing to provide Plaintiff and the other similarly situated former employees at least 60 days' advance written notice of termination, as required by the WARN Act.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. § 2104(a)(5).

4. Venue in this Court is proper pursuant to 29 U.S.C. § 2104(a)(5) because the employer transacts business in this district and the alleged WARN Act violation occurred in this district.

## THE PARTIES

### *Plaintiff*

5. Plaintiff resides in the state of Massachusetts.

6. Plaintiff was employed by Defendants as an Information Technology Business Service Manager and worked at the Defendants' facility located at 60 Delta Drive, Pawtucket, RI 02860 (the "Facility") until his termination on October 9, 2018.

7. Plaintiff was terminated without cause on October 9, 2018.

8. At no time prior to October 9, 2018 did Plaintiff receive written notice of his termination.

9. Along with Plaintiff, other similarly situated former employees who worked at the Facility were also terminated on October 9, 2018 without any written notice.

### *Defendants*

10. Upon information and belief, Matlet Group, LLC is a Rhode Island limited liability company with its headquarters located at 60 Delta Drive, Pawtucket, Rhode Island, 02860.

11. Upon information and belief, Matlet Group, LLC is in the commercial printing business and conducts business under the names The Matlet Group, Packaging Graphics, Central Florida Press and NOVA Marketing Services.

12. Upon information and belief, Packaging Graphics, LLC is a Rhode Island limited liability company with its headquarters located at 60 Delta Drive, Pawtucket, Rhode Island, 02860.

13. Upon information and belief, Matlet Group, LLC is the parent company of Packaging Graphics LLC.

14. Packaging Graphics LLC is a division of Matlet Group, LLC and, upon information and belief, the two are commonly owned, share managers and operate as a single, integrated entity and employer under the control of Matlet Group, LLC.

15. Upon information and belief, Defendants maintained and operated the Facility located at 60 Delta Drive, Pawtucket, RI 02860, a facility in Orlando, Florida that operated under the name Central Florida Press, LLC and NOVA Marketing Services, LLC, a direct mail, inventory management and fulfillment company with a facility in St. Louis, Missouri (the "Facilities").

16. Upon information and belief, Defendants, as a single employer, made the decision to terminate the employment of Plaintiff and the other similarly situated former employees.

17. Until on or about October 9, 2018, Plaintiff and approximately 150 similarly situated employees were employed by Defendants and worked at or reported to the Facility.

18. Upon information and belief, Defendants made the decision to terminate the employees who worked at the Facility.

## WARN CLASS ALLEGATIONS

19.     Plaintiff brings the First Claim for Relief for violation of 29 U.S.C. § 2101 *et seq.*, on his own behalf and on behalf of all other similarly situated former employees, pursuant to 29 U.S.C. § 2104(a)(5) and Federal Rules of Civil Procedure, Rule 23(a) and (b), who worked at or reported to Defendants' Facilities and was terminated without cause on or about October 9, 2018, and within 30 days of that date, or was terminated without cause as the reasonably foreseeable consequence of the mass layoff and/or plant closing ordered by Defendants on or about October 9, 2018, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) (the "WARN Class").

20.     The persons in the WARN Class identified above ("WARN Class Members") are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

21.     On information and belief, the identity of the members of the class and the recent residence address of each of the WARN Class Members is contained in the books and records of Defendants.

22.     On information and belief, the rate of pay and benefits that were being paid by Defendants to each WARN Class Member at the time of his or her termination is contained in the books and records of Defendants.

23.     Common questions of law and fact exist as to members of the WARN Class, including, but not limited to, the following:

        (a)     whether the members of the WARN Class were employees of Defendants who worked at or reported to Defendants' Facilities;

(b) whether Defendants unlawfully terminated the employment of the members of the WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the WARN Act; and,

(c) whether Defendants unlawfully failed to pay the WARN Class members 60 days wages and benefits as required by the WARN Act.

24. Plaintiff's claim is typical of those of the WARN Class. Plaintiff, like other WARN Class members, worked at or reported to Defendants' Facilities and was terminated without cause on or about October 9, 2018, due to the mass layoff and/or plant closing ordered by Defendants.

25. Class certification of these claims is appropriate under Fed.R. Civ.P. 23(b)(3) because questions of law and fact common to the WARN Class predominate over any questions affecting only individual members of the WARN Class, and because a class action superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of WARN Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants, and damages suffered by individual WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

26. Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

27. Plaintiff intends to send notice to all members of the WARN Class to the extent required by Rule 23.

## **CLAIMS FOR RELIEF**

### **First Cause of Action: Federal WARN Act (29 U.S.C. §2101, *et seq.*)**

28.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

29.     At all relevant times, Defendants employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

30.     At all relevant times, Defendants were an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a) and continued to operate as a business until it decided to order mass layoffs or plant closings at the Facility.

31.     Defendants constituted a "single employer" of Plaintiff and the WARN Class Members under the WARN Act in that, among other things:

(a)     The Defendants shared common ownership;

(b)     The Defendants shared common officers and directors;

(c)     The Defendants exercised *de facto* control over the employment practices governing the Plaintiffs and WARN Class Members, including the decision to order the mass layoff or plant closing at the Facilities;

(d)     There was a unity of personnel policies emanating from a common source between Defendants; and,

(e)     There was a dependency of operations between Defendants.

32.     At all relevant times, Plaintiff and the other similarly situated former employees were employees of Defendants as that term is defined by 29 U.S.C. §2101.

33. On or about October 9, 2018, Defendants ordered mass layoffs or plant closings at the Facilities, as that term is defined by 29 U.S.C. § 210l(a)(2).

34. The mass layoff or plant closing at the Facilities resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least fifty of Defendants' employees as well as thirty –three percent of Defendants' workforce at the Facilities, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2l01(a)(8).

35. Plaintiff and the WARN Class Members were terminated by Defendants without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoff or plant closing ordered by Defendants at the Facilities.

36. Plaintiff and the WARN Class Members are "affected employees" of Defendants, within the meaning of 29 U.S.C. § 210l(a)(5).

37. Defendants were required by the WARN Act to give Plaintiff and the WARN Class Members at least 60 days advance written notice of their terminations.

38. Defendants failed to give the Plaintiff and the WARN Class members written notice that complied with the requirements of the WARN Act.

39. The Plaintiff is, and each of the WARN Class Members are, "aggrieved employees" of the Defendants as that term is defined in 29 U.S.C. § 2104 (a)(7).

40. Defendants failed to pay Plaintiff and each of the WARN Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations and failed to make the pension and 401(k) contributions and provide employee benefits under ERISA, other than health insurance, for 60 days from and after the dates of their respective terminations.

41. The relief sought in this proceeding is equitable in nature.

**Second Cause of Action: Violation of Wage Payment Provisions of Rhode Island Payment of Wages Act (R.I.G.L. § 28-12-1, et. seq. and § 28-14-1, et seq.)**

42. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

43. The Rhode Island Payment of Wages Act ("RIPWA") provides that when an employer terminates an employee and the employee has completed at least 1 year of service, any vacation pay accrued according to policy or any other agreement is considered wages and must be paid by the employer within 24 hours of the time of separation. RI Gen. Laws § 28-14-1, *et. seq.*

44. Plaintiff and the WARN Class Members are owed the paid time off they accrued prior to that date.

45. Defendants did not pay Plaintiff and the WARN Class Members their accrued paid time off prior to their termination.

46. Defendants violated the RIPWA by failing to pay wages as provided therein, thereby causing Plaintiff and the WARN Class Members to suffer damages as aforesaid, for which they are entitled to relief pursuant to R.I.G.L. § 28-14-19.2 and § 28-14-20.

### PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief as against Defendants:

A. Certification that, pursuant to Fed. R. Civ. P. 23 (a) and (b) and 29 U.S.C. § 2104(a)(5), Plaintiff and the other similarly situated former employees constitute a class;

B. Designation of the Plaintiff as Class Representative;

C. Appointment of the undersigned attorneys as Class Counsel;

D.  A judgment in favor of Plaintiff and each of the "affected employees" equal to the sum of: their unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits, for 60 days, that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C. § 2104(a)(1)(4).

E.  Interest as allowed by law on the amounts owed under the preceding paragraph;

F.  Plaintiff's reasonable attorneys' fees and the costs and disbursements that Plaintiff incurred in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. § 2104(a)(6) and R.I. Gen. Laws §§ 28- 14-19.2, 28-14-20 and § 42-46-8(d); and

G.  Such other and further relief as this Court may deem just and proper.

Dated: **October 17, 2018**

Respectfully submitted,

By:   /s/ **Richard A. Sinapi**
**Sinapi Law Associates, Ltd.**
2374 Post Rd, Suite 201
Warwick, RI 02886
Telephone: (401) 739-9690
Email: ras@sinapilaw.com

Jack A. Raisner (*pro hac vice* pending)
René S. Roupinian (*pro hac vice* pending)
**Outten & Golden LLP**
685 Third Avenue, 25th Floor
New York, New York 10017
Telephone: (212) 245-1000
Email: JAR@outtengolden.com
Email: RSR@outtengolden.com

*Attorneys for Plaintiff and the putative Class*